IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| SCOTT LYNN BALLERING,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH DEPARTMENT OF PROFESSIONAL LICENSES, *et al.*,<br><br>Defendants. | Case No. 20-cv-00529-DKW-RT<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT** |

On December 4, 2020, Ballering filed an application to proceed without paying fees or costs, otherwise called an *in forma pauperis* or "IFP application." Because Ballering has failed to demonstrate an inability to pay, his IFP application, Dkt. No. 4, is DENIED. Further, because this Court is an improper venue for Ballering's claims and transferring the case to a proper venue would not serve the interests of justice, his complaint is DISMISSED.

**I.   IFP Application**

In the span of five days, Ballering initiated two lawsuits and filed two IFP applications with this Court. On December 9, 2020, the Court denied Ballering's IFP application in his other case. *Scott Lynn Ballering v. Costco Corp.*, Civil No. 20-00535-DKW-RT, 2020 WL 7246907 (Dec. 9, 2020). Because Ballering's IFP

application in this case is virtually identical to the one the Court just denied, further analysis of his financial situation is unnecessary.  Ballering's IFP application in this case is DENIED for the same reasons articulated in the Court's December 9, 2020 order.  *See id.*

## II.  <u>Complaint</u>

The Court screens each civil action commenced pursuant to 28 U.S.C. § 1915(a)—*i.e.*, a suit commenced by a Plaintiff seeking to proceed *in forma pauperis*—and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In conducting this screen, the Court liberally construes a pro se litigant's filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013).  However, the Court cannot act as counsel for a pro se litigant, such as by supplying the essential elements of a claim, *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th

Cir. 1982), and may deny leave to amend where amendment would be futile, *see, e.g.*, *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

Ballering's complaint suffers from two defects requiring dismissal. First, he has filed his suit in an improper venue. Second, he fails to satisfy the standing requirements to proceed in any federal court. Each defect is addressed in turn.

    **a.**    **Venue**

Venue may be raised *sua sponte* when the defendant has not filed a responsive pleading and the time for doing so has not run. *See Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *Nagarajan v. U.S. Gov't*, 199 F.3d 1332, 1332 (9th Cir. 1999) (unpublished). A civil action may be brought in a district court of the United States where: (1) any defendant resides, if all defendants are residents of the State in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is not district in which an action may otherwise be brought as provided in (1) or (2), any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b).

Here, Section 1391(b)(1) does not apply because no Defendant resides in Hawaiʻi. Ballering has sued a Utah state agency as well as a county and municipality in Utah. Dkt. No. 1 at 1–2. Section 1391(b)(2) does not apply

because none of the complained-of conduct or property at issue has any connection to Hawaiʻi. Ballering's claims concern the construction of "the house located at 3532 W 2610 street" in Hurricane City, Utah. Dkt. No. 1 4.[1] Ballering makes no attempt to explain what connection the construction of that house has with the District of Hawaiʻi. *See* Dkt. No. 1 at 4–5. Finally, Section 1391(b)(3) does not apply because Ballering could have brought this action in the United States District Court for the District of Utah, where the property at issue appears to be located. Thus, venue in this district is improper.

Where the Court finds venue is improper, it must either dismiss the case or "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Although it appears this action could have been brought in Utah, the interests of justice would not be served by transferring it because, as explained below, Ballering fails to satisfy the standing requirements to proceed in any federal court.

    **b.**    **Standing**

"For a legal dispute to qualify as a genuine case or controversy, at least one plaintiff must have standing to sue." *Dep't of Commerce v. New York*, 139 S. Ct. 2551, 2565 (2019). To demonstrate standing, a plaintiff must show (1) he or she

---

[1] The Court assumes this is the city where the property is located because Hurricane City, Utah is a named defendant, but the precise location is not entirely clear. *See* Dkt. No. 1 at 4.

has suffered an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) that the injury is likely to be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (citations omitted). The "injury" complained of must be (a) concrete (*i.e.*, real, not abstract) and particularized (specific to Plaintiff); and (b) actual or imminent. *See, e.g., Lujan*, 504 U.S. at 560–61; *Doran*, 524 F.3d at 1039. A "conjectural or hypothetical" injury is insufficient to satisfy the standing requirements. *Lujan*, 504 U.S. at 560 (citing *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)) (internal quotation marks omitted).

At the heart of Ballering's claim is that a house built in Hurricane City, Utah does not comply with state and local building codes. Dkt. No. 1 at 4–5. However, Ballering makes no attempt to explain his relationship to the property at issue or how the alleged noncompliance with those building codes affects or injures him. Indeed, he appears to admit he has no relationship with the property other than living near it in the recent past. Dkt. No. 1 at 5 (explaining that different individuals occupied the house when he "moved out 6 months" after the alleged noncompliance). Liberally construed, it appears the complaint is attempting to raise third party rights. But Ballering "cannot rest his claims to relief on the legal rights or interests of third parties." *Kowalski v. Tesmer*, 543

5

U.S. 125, 129 (2004).[2]  Even if he could, he has alleged no injury to himself or a third party as a result of Defendants' alleged failure to enforce compliance with state and local building codes.

In short, not only does Ballering fail to allege a particularized injury, he fails to allege an injury at all.  And without an injury, traceability and redressability—the other standing elements—cannot be satisfied.

## CONCLUSION

Ballering's IFP application, Dkt. No. 4, is DENIED.  Because he has filed in an improper venue, and the Court finds the interests of justice would not be served by transferring the case to a proper venue, Ballering's complaint, Dkt. No. 1 is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: December 16, 2020 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Scott Lynn Ballering v. State of Utah Department of Professional Licenses*, Civil No. 20-00529-DKW-RT; **ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS AND DISMISSING COMPLAINT.**

---

[2]*Kowalksi* explains that third-party standing may be appropriate in very limited circumstances, none of which apply here.  See 543 U.S. at 129–30.

6